IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JUSTICE SCOTT STADLER,

              Plaintiff,

v.                                                      OPINION and ORDER

AARON SCHOONE, SHEILA YOHNK,                  25-cv-995-jdp
and TANNER H.,

              Defendants.

---

Plaintiff Justice Scott Stadler, proceeding without counsel, is currently confined at the Chippewa County Jail. Stadler alleges that he was arrested without a valid reason and that officials are pursuing fraudulent criminal charges against him. The court has already concluded that Stadler may proceed without prepaying any portion of the filing fee.

The next step is for me to screen Stadler's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that I must abstain from exercising jurisdiction over Stadler's claims under *Younger v. Harris*, 401 U.S. 37 (1971). I will stay the case and direct the clerk of court to close it. Stadler can move to reopen the case after his criminal charges are resolved.

ALLEGATIONS OF FACT

On February 28, 2024, Stalder was arrested by defendant Chippewa County sheriff's deputies Aaron Schoone and Tanner H. without a valid reason. Stadler's allegations are somewhat difficult to understand, but I take him to be saying that they arrested him without a valid, signed Department of Corrections warrant regarding a probation violation. They then conducted a warrantless search in which they recovered a substance that they incorrectly claim to be methamphetamine. Defendant district attorney Sheila Yohnk charged him with possession of methamphetamine despite knowing about the illegal search and seizure. Defendants presented police reports that fabricated at least part of the events.

ANALYSIS

Stadler contends that defendants violated his constitutional rights by seizing him and searching his property without a valid reason, by charging him with possession of a drug that he did not have, and by fabricating evidence. But I cannot consider Stadler's claims because they are intertwined with his ongoing state-court criminal case. Electronic state court records show that Stadler currently faces charges regarding this incident, with a trial yet to be scheduled. *See State v. Stadler*, Chippewa County Case No. 2024CF178.

Absent extraordinary circumstances not present here, federal courts must abstain from deciding a claim when doing so would interfere with a state's pending criminal prosecution. *Younger*, 401 U.S. at 43–44. Stadler's claims about his allegedly false arrest and malicious prosecution would unduly interfere with his criminal proceedings. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). So I must abstain from deciding these claims until those proceedings have ended.

I will stay this case and direct the clerk of court to close it. That means that Stadler may move to reopen this case after the conclusion of the state criminal proceedings, including all appeals and any relevant state collateral review proceedings. *See Simpson v. Rowan*, 73 F.3d 134, 139 (7th Cir. 1995). But if Stadler's criminal case results in a conviction, he may not be able to proceed with all his claims in this case; I will have to dismiss any claims for which a judgment in his favor would imply the invalidity of a state conviction. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

ORDER

IT IS ORDERED that:

1. The court will abstain from exercising jurisdiction, pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), pending final resolution of plaintiff's state criminal proceedings.

2. This case is STAYED. The clerk of court is directed to close the case.

3. Plaintiff must move to lift the stay within 60 days after the conclusion of his criminal proceedings, including any direct appeal. If plaintiff fails to comply with this order, the case will remain closed, and plaintiff may be barred by the statute of limitations from bringing his federal claims in any future case.

Entered January 13, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge